1 | Timothy J. Gonzales (CA SBN 234923)
tg@brockgonzales.com
2 | D. Aaron Brock (CA SBN 241919)
ab@brockgonzales.com
3 | Christopher P. Brandes (CA SBN 282801)
cb@brockgonzales.com
4 | Lindsay L. Bowden (CA SBN 318685)
lb@brockgonzales.com
5 | BROCK & GONZALES, LLP
6701 Center Drive West, Suite 610
6 | Los Angeles, CA 90045
Telephone: (310) 294-9595
7 | Facsimile: (310) 961-3673

8 | Attorneys for Plaintiff
DANIEL VAN DER WYK

10 | Jason A. Geller (CA SBN 168149)
jgeller@laborlawyers.com
11 | Juan C. Araneda (CA SBN 213041)
jaraneda@laborlawyers.com
12 | FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
13 | San Francisco, CA 94111
Telephone: 415/490-9000
14 | Facsimile: 415/490-9001

15 | Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO COURTHOUSE

| | |
|---|---|
| DANIEL VAN DER WYK, an individual, | CASE NO. 2:19-CV-0244-JAM-AC |
| Plaintiff, | *[Removed from El Dorado County Superior Court, Case No. PC 20180613]* |
| vs. | |
| WALMART, INC., an Arkansas corporation; and DOES 1 - 50, inclusive, | **STIPULATED PROTECTIVE ORDER AND ORDER** |
| Defendants. | Removal Date: |

WHEREAS, pursuant to Local Rule 141, Plaintiff Daniel Van Der Wyk ("Plaintiff") and Defendant Walmart Inc., ("Defendant") hereby enter into this Stipulated Protective Order ("Stipulated Protective Order"), and STIPULATE AS FOLLOWS:

**1. PURPOSES AND LIMITATIONS**

Discovery activity in this action may involve production and disclosure of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under permanent seal. Local Rules 140 and 141 and Rules of Civil Procedure 5.2 and 26 set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file materials under seal or in a redacted form.

**2. DEFINITIONS**

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

2.2 Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of the medium or manner generated, stored or maintained) or tangible things that qualify for protection under this Stipulated Protective Order and designated as such by a party. Such "Confidential" information shall include the following:

(a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's

current or former personnel; policies, procedures or training materials of Defendant; or Defendant's organizational structure;

  (b)  Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

  (c)  Any documents relating to the medical or health information of any of Defendant's current or former employees or contractors;

  (d)  Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

  2.4  <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information" whose disclosure to another Party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Documents that may be so designated as "Highly Confidential - Attorneys' Eyes Only" may include any documents containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information. Qualified recipients of documents marked "Highly Confidential - Attorneys' Eyes Only" shall include only the following: House Counsel and Outside Counsel for each party and the secretarial, clerical and paralegal staff of each.

  2.5  <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

  2.6  <u>Producing Party</u>: a Party or non-party that produces Discovery Material in this action.

  2.7  <u>Designating Party</u>: a Party that designates Discovery Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

  2.8  <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

  2.9  <u>Outside Counsel</u>: attorneys who are not employees of Party, but who are retained to represent or advise a Party in this action.

  2.10  <u>House Counsel</u>: attorneys who are employees of a Party.

///

2.11     Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13     Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; graphics, translation, design and/or trial consulting services, including mock jurors; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those

4

portions of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If the Party offering or sponsoring the testimony does not identify protected testimony on the record, the Party that sponsors, offers, or gives the testimony shall have up to twenty (20) calendar days following receipt of the final deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

During the period commencing with a deposition session and ending twenty (20) calendar days following receipt of the final deposition transcript, the Parties shall afford the information

disclosed therein the level of protection designated by the Designating Party. Only persons authorized under the terms of this Protective Order to receive Protected Material shall be present during the portions of the deposition testimony so designated.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend on a prominent place on the exterior of the container or containers in which the information or item is stored. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

///

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the Party challenging the designation must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements set forth in the preceding paragraph.

Until the court rules on the challenge, all parties shall afford the material in question the level of protection originally designated.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party only in connection with prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (DISPOSITION OF MATERIALS AT CONCLUSION OF CASE).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated by the other Party as "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of record in this action, House Counsel and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, only after being informed of the provisions of this Stipulated Protective Order and agreeing to abide by its terms;

(f) The author of the document or the original source of the information;

(g) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary for this litigation, only after being informed of the provisions of this Stipulated Protective Order and agreeing to abide by its terms;

(h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

///

///

///

///

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must:

(a) Promptly notify in writing the Designating Party within three (3) days or reasonably possible. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. DISCOVERABILITY AND ADMISSIBILITY OF INFORMATION AND DOCUMENTS

Nothing in this Stipulated Protective Order shall be construed to affect either the discoverability or admissibility at trial of any document, recording or thing, nor shall any party's entry into this Stipulated Protective Order be deemed to waive either its right to object to the production of documents, recordings or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production.

No provision of this Stipulated Protective Order shall require any person, corporation or entity to respond to discovery outside the scope of this litigation except as otherwise provided by law as no provision of this Stipulated Protective Order shall be deemed to enlarge or restrict the right of any party to conduct discovery. Nothing in this Stipulated Protective Order shall be

interpreted to compel disclosure of discovery which is protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privileges or doctrines.

**10. <u>USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS</u>**

(a) Nothing contained in this Stipulated Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Protected Material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in writing in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Stipulated Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

(b) The submission of any materials designated as Protected Material pursuant to this Stipulated Protective Order to the Court in this litigation under seal or in a redacted form must comply with Local Rules 140 and 141. If a document for which sealing or redaction is sought relates to a motion to be decided by Judge John A. Mendez, the request to seal or redact shall be directed to him and not the assigned magistrate judge. In the event a Receiving Party wishes to use any Protected Material in a filing that includes such material, the Receiving Party shall give counsel for the Designating Party sufficient notice (via telephone, email, or written correspondence) in advance of the filing, but in no event less than seven days before the filing. The notice is intended to allow the Designating Party sufficient time to move the Court or to apply ex parte for an order to seal or redact the Protected Material.

**11. <u>UNAUTHORIZED OR INADVERTENT DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to

Be Bound" that is attached hereto as Attachment A.

Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges during discovery in this matter, or inadvertent disclosure of confidential information without appropriate designation, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have waived any rights by such inadvertent disclosure. If the Producing Party claims that document or other information was inadvertently disclosed, the Receiving Party shall not use the inadvertently produced material for any purpose and shall immediately return such material to the Producing Party. The inadvertent, unintentional, or in camera disclosure of Protected Material shall not, under any circumstances be deemed a waiver, in whole or in part, of any claims of privilege or confidentiality.

The Receiving Party is prohibited and estopped from arguing that:

a. the disclosure or production of the Protected Material acts as a waiver of an applicable privilege or evidentiary protection;

b. the disclosure of the Protected Material was not inadvertent;

c. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Material; or

d. the Producing Party failed to take reasonable or timely steps to rectify the error.

## 12. DISPOSITION OF MATERIALS AT CONCLUSION OF CASE

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this litigation, (following settlement, the entry of a request for dismissal or final judgment, including exhaustion of appeals), each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day

11

deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

**13.　RETENTION OF JURISDICTION**

The Court shall retain jurisdiction over all persons to be bound by the terms of this Stipulated Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.

**14.　MISCELLANEOUS**

　　(a)　Right to Further Relief

Nothing in this Stipulated Protective Order abridges the right of any person or entity to seek its modifications by the Court in the future.

　　(b)　Right to Assert Other Objections

By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any the material covered by this Stipulated Protective Order.

　　(c)　Injunctive Relief.

In the event any person or entity violates or threatens to violate the terms of this Stipulated Protective Order, the aggrieved designating party may immediately apply to obtain injunctive relief against any person or entity violating or threatening to violate any of the terms of this Stipulated Protective Order.

　　(d)　No Bar to Other Agreements.

Entering into, agreeing to and/or producing or receiving Protected Material or otherwise complying with the terms of this Stipulated Protective Order shall not prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Protected Material.

///

///

**15.  COUNTERPARTS**

This Stipulated Protective Order may be executed in one or more counterparts, all of which together constitute one single document.  A copy of this Stipulated Protective Order signed and sent via facsimile transmission to counsel for the other Party to this Stipulated Protective Order shall be deemed an original copy binding the party so signing.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  May 24, 2019                              FISHER & PHILLIPS LLP

By*:    /s/ Juan C. Araneda*
Jason A. Geller
Juan C. Araneda
Attorneys for Defendant
WALMART INC.

DATED:  May 24, 2019                              BROCK & GONZALEZ LLP

By:    */s/ Lindsay L. Bowden\**
**as authorized on May 23, 2019*
Timothy J. Gonzales
D. Aaron Brock
Christopher P. Brandes
Lindsay L. Bowden
Attorneys for Plaintiff
DANIEL VAN DER WYK

**DECLARATION OF CONSENT**

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the above-listed counsel for Plaintiff Daniel Van Der Wyk.

Dated:  May 24, 2019

*/s/ Juan C. Araneda*
JUAN C. ARANEDA

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.


DATED: 5/28/2019 /s/ John A. Mendez

Hon. John A. Mendez

**ATTACHMENT A**
**ACKNOWLEDGEMENT & AGREEMENT TO BE BOUND**
**BY STIPULATED PROTECTIVE ORDER**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Daniel Van Der Wyk v. Walmart Inc.*, Case No. 2:19-CV-0244-JAM-AC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____     SIGNATURE: _____

                            PRINT NAME: _____